In the Matter of the Application of HENRY GRANTHAM BACON, Petitioner, for an Order against IRVING V. A. HUIE, as Acting Commissioner of the Department of Public Works, and PAUL J. KERN and Others, as the Municipal Civil Service Commission of the City of New York, Defendants.

Supreme Court, Special Term, New York County, March 29, 1939.

*King & Ryan,* for the petitioner.

*William C. Chanler, Corporation Counsel [Samuel J. Silverman* of counsel], for the defendants.

LEVY, J. The petitioner seeks an order pursuant to article 78 of the Civil Practice Act directing his appointment to the position of mechanical engineer (heating and ventilating), grade 4, in the department of public works. He had been employed in the department of docks as a mechanical engineer, grade 4. Both

positions are in the competitive class of the civil service. On or about July 15, 1938, the latter position was abolished, petitioner was suspended and his name placed on the preferred eligible list for that office. In fact, his was the only name on the list. Thereafter the municipal civil service commission declared the list appropriate for appointment to the position of mechanical engineer (heating and ventilating), grade 4, and, accordingly, on or about August 1, 1938, certified petitioner's name to the department of public works for appointment to that office. This certification of fitness was obviously aided by the fact that petitioner had passed an examination at the head of the list for the position of inspector of heating and ventilating, grade 4. Notwithstanding these facts the petitioner was denied the appointment when, on August 2, 1938, he appeared at the office of the department of public works. On the contrary, temporary employees were continued in that position, although it was one for which provision had been made in the budget. Petitioner, therefore, seeks an order directing the commissioner of public works to employ him at the authorized salary. The right of the petitioner to an appointment from the preferred eligible list is controlled by the provisions of section 31 of the Civil Service Law, which reads in part as follows: " Any person who while holding a position in the competitive class under the Civil Service Law or Rules, has been separated from the service * * * through no delinquency or misconduct on his part shall be deemed to be suspended without pay * * * and shall have his name entered upon a preferred list for the position last held by him or any other position having the same or similar requirements for entrance * * *. It shall be the duty of * * * the municipal civil service commission of said city forthwith to place the name of said person upon a preferred list * * * and to certify from such list the names of persons for reinstatement * * * before making certification from any other list, for such position or similar position * * *. When the State or municipal civil service commission, as the case may be, certifies names for any position for which a preferred list for any corresponding or similar office or position * * * exists no other name shall be certified from any other list until such preferred list has been exhausted. When the State or municipal service commission, as the case may be, certifies names from a non-preferred list, such commission shall certify that no preferred list * * * is in existence." Respondents contend that, notwithstanding petitioner's certification the commissioner was entitled to exercise discretion in the matter of appointment and to reject him if he saw fit. It is argued further that he could not be compelled to accept the only person certified by the commission.

It should be observed that this is not a case of an original appointment from an eligible list but that of an appointment from a preferred list under section 31. Consequently, a person whose name is certified from the latter list, even though it may be the only one entered thereon, must receive preference over new eligibles or temporary appointees. Otherwise the rule of seniority would be violated. Nothing in *Matter of Jaffe* v. *Board of Education* (265 N. Y. 160) sustains respondents' position. While it may apply to a policy of keeping vacancies open in the interest of economy or for other cogent reasons, it has no application where the office is actually occupied. Thus the petitioner, upon certification, was absolutely entitled to the appointment. The contention of the commissioner that he did not consider him competent to fill the position is not well taken.

Petitioner also makes an alternative claim to appointment to the temporary office now occupied by Albert H. Morgan, with the title of administrator. The civil service commission is now preparing an examination for the position of administrator (public buildings). The decision of the commissioner of public works, with the consent of the civil service commission, to create the new position and to hold a competitive examination therefor is something with which the court will not interfere. The petitioner has no right to insist that he be appointed to that position from the preferred eligible list. He has, however, the absolute right to enforce his appointment as mechanical engineer (heating and ventilating), grade 4, at $4,260 per annum.

The motion is granted as indicated. Settle order.